# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

VERNON DERL BELL,

*Defendant-Appellant.*

No. 02-4944

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-02-105)

Submitted: July 15, 2003

Decided: August 1, 2003

Before WIDENER, WILLIAMS, and SHEDD, Circuit Judges.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

Henry E. Wood, III, WOOD LAW OFFICE, L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, L. Anna Crawford, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

___

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Vernon Derl Bell appeals his fifteen month sentence imposed following his guilty plea to mail fraud, in violation of 18 U.S.C. § 1341 (2000). Bell contests the district court's mass-marketing enhancement. We review the district court's factual determinations concerning the application of the Sentencing Guidelines for clear error and its legal conclusions de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

Bell argues that the district court erred in enhancing his offense level two levels because his passive conduct did not satisfy the requirements of the mass-marketing enhancement of *U.S. Sentencing Guidelines Manual* § 2F1.1(b)(3) (2000). That section provides that an offense committed through mass-marketing warrants a two-level increase in offense level. The guidelines commentary defines mass-marketing as "a plan, program, promotion, or campaign that is conducted through solicitation by telephone, mail, the Internet, or other means to induce a large number of persons to (A) purchase goods or services; (B) participate in a contest or sweepstakes; or (C) to invest for financial profit." USSG § 2F1.1 comment. (n.3).

From November 2000 to April 2001, Bell sold sports cards via online auction to 186 customers. He defrauded these customers out of more than $150,000 by auctioning sports collectibles on the eBay website, which is visited by millions of people, and failing to ship the goods upon payment. This conduct falls squarely within the two-level enhancement for mass-marketing. *See United States v. Magnuson*, 307 F.3d 333 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1008 (2003); *United States v. Pirello*, 255 F.3d 728 (9th Cir.), *cert. denied*, 534 U.S. 1034 (2001).

We therefore affirm Bell's sentence. We dispense with oral argument because the facts and legal contentions have been adequately presented in the written materials before the court and argument would not aid the decisional process.

*AFFIRMED*